# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TAMARA E. INGRAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GUARDSMARK SECURITY COMPANY, ) <br> ) <br> Defendant. ) | No. 2:15-cv-02346-JPM-cgc |

**ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION; DISMISSING WITHOUT PREJUDICE**

Before the Court is the Magistrate Judge's "Report and Recommendation Pursuant to 28 U.S.C. § 1915" (the "Report and Recommendation"), filed on October 6, 2015. (See ECF No. 7.) In the Report and Recommendation, the Magistrate Judge recommends "that the Court dismiss the action with prejudice for lack of standing and for failure to state a claim upon which relief may be granted." (Id. at 6.)

On October 20, 2015, Plaintiff timely filed her Objection to the Report and Recommendation (ECF No. 8). See Fed. R. Civ. P. 72(b)(2). Defendant did not file a response to Plaintiff's Objection. See id.

For the reasons stated below, the Court ADOPTS in part the recommendation in the Report and Recommendation (ECF No. 8) and dismisses the action without prejudice.

## I. BACKGROUND

This action involves claimed violations of Americans with Disabilities Act of 1990 ("ADA"), as codified 42 U.S.C. §§ 12112-12117. (See Compl. ¶ 1, ECF No. 1.)

In a Complaint filed on May 22, 2015, Tamara Ingram ("Plaintiff"), who is proceeding pro se, asserts that she filed charges against Defendant with the Equal Employment Opportunity Commission ("EEOC") in May 2013. (Id. ¶ 12.) She further asserts that she received a Notice of Right to Sue ("RTS") from the EEOC on April 8, 2015. (Id. ¶ 14.) Plaintiff alleges that Defendant discriminated against her mother based on disability because after the death of her mother, Defendant failed to make a payment from her mother's 401K plan or life insurance. (Id. ¶¶ 9, 10.)

On May 22, 2015, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) and a Motion to Appoint Counsel (ECF No. 3).

## II. ANALYSIS

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's

disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

The portions of the Report and Recommendation as to which no specific objections were timely filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless"). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the failure to properly file objections constitutes a waiver of appeal. See Howard, 932 F.2d at 508; United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Plaintiff fails to make any specific objection to the Magistrate Judge's Report. Rather, Plaintiff merely states that she is "very disappointed [sic] about the outcome" because her "mother worked very hard for her benefits." (ECF No. 8 at 1.) Plaintiff also attaches to her Complaint documentation reflecting that her mother received awards for her work performance, that her mother had a mortgage loan, and a memo discussing the same assertions Plaintiff has made in this case. (ECF No. 8-1 to 8-7.) The only reference to the Magistrate's

3

Report and Recommendation is in the title "Objection to this Report." (See ECF No. 8.)

Because Plaintiff makes only general objections to the dismissal of her Complaint, the Court reviews the Magistrate's Report and Recommendation for clear error. See Howard, 932 F.2d at 509. On clear-error review, the Court hereby ADOPTS the Report and Recommendation (ECF No. 7) as to the recommendation that this case should be dismissed based on Plaintiff's lack of standing. Because Plaintiff lacks standing, however, the Court is without jurisdiction to review the merits of this case. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause."). Accordingly, the Court declines to adopt the recommendation that Plaintiff's claim be dismissed for failure to state a claim upon which relief may be granted. "[A] lack of 'standing' in [the] constitutional sense, like the lack of subject matter jurisdiction generally, mandates a dismissal without prejudice." B. & V. Distrib. Co. v. Dottore Cos., LLC, 278 F. App'x 480, 487 (6th Cir. 2008). Plaintiff's Complaint (ECF No. 1) is therefore DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED,** this 13th day of November, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE